# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOHN EVERETT, ) | |
| ) | |
| Plaintiff, pro se, ) | **MEMORANDUM OPINION** |
| ) | **AND RECOMMENDATION** |
| v. ) | |
| ) | 1:10CV828 |
| NATIONAL ASSOCIATION FOR THE ) | |
| ADVANCEMENT OF COLORED ) | |
| PEOPLE - NAACP and EL PUEBLO, ) | |
| INCORPORATED, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Defendants' Joint Motion to Dismiss for failure to state a claim upon which relief can be granted. (docket no. 5). Plaintiff has responded in opposition to the motion, and Defendants have filed their reply. In this posture, the matter is ripe for disposition. The parties have not consented to the jurisdiction of the magistrate judge; therefore, the motion must be dealt with by way of recommendation. For the following reasons, it will be recommended that the court grant Defendants' motion to dismiss.

**I. Background and Alleged Facts**

Plaintiff filed this pro se action against the National Association for the Advancement of Colored People ("NAACP") and El Pueblo, Incorporated ("El Pueblo") (collectively "Defendants") alleging that they violated federal and state law. Although Plaintiff's complaint is mostly nonsensical, he generally alleges that

Defendants have violated Plaintiff's civil rights by participating in activities that help immigrant groups--thus, encouraging illegal aliens to cross into this country. (docket no. 1).

Plaintiff previously filed a lawsuit in Durham County Superior Court in which he raised the same issues presented here, and the state court dismissed Plaintiff's suit for failure to state a claim under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. (*See* Durham County Superior Court, Case No. 09-CVS-01611; *see also* Compl., docket no. 1 ¶ 5 & Ex. B). Plaintiff now alleges the same claims put forth in his state court complaint, and he also states that Defendants in this case and the Clerk of Durham County Superior Court "conspired" to file the 12(b)(6) motion in state court in violation of N.C. GEN. STAT. § 1A-1, Rule 7(a).

Plaintiff has demonstrated a litigious nature in this court by either filing in this court or removing from state court numerous lawsuits, including this one. In each of the prior lawsuits, the court has either entered a dismissal with prejudice, or a magistrate judge has recommended remand to state court. *See Everett v. Undocumented Illegal Aliens Mexican Invading Forces*, 1:07-cv-624-WO-PTS (dismissal with prejudice), *Everett v. Lawyers Mut. Liab. Ins.*, 1:10-cv-827-UA-WWD (recommendation of remand, Jan. 25, 2011), *Everett v. Yarboro*, 1:10-cv-831-UA-WWD (recommendation of remand, Jan. 24, 2011), *State of N.C. v. Everett*, 1:04-cr-00494-UA (denial of remand), *Everett v. Duke Energy Corp.*, 1:04-cv-01177 (dismissal with prejudice for being frivolous). *See also* 01CVS5562, 09CVD7089,

09CVM11578, 09CVS1611, 09CVS4114, 10CVS3106, and 10CVS5422 (dismissal with prejudice and imposition of a so-called gate-keeper order on plaintiff, similar to an order from a federal court imposing a pre-filing injunction).

## II. Discussion

A. Res Judicata Principles of Claim Preclusion and Issue Preclusion

The court first addresses, sua sponte, whether Plaintiff's claims are barred by res judicata principles.[1] As noted, Plaintiff's complaint is almost identical to his state court complaint and only adds the conspiracy claim. The doctrine of res judicata encompasses both the concept of claim preclusion and issue preclusion, or collateral estoppel. *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996).[2] The doctrine of claim preclusion provides that if a later case arises from the same cause of action as an earlier case, then the prior judgment bars litigation of both every matter already adjudicated, as well as every claim that might have been presented at that time. *Id.* at 1315; *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 43 (4th Cir. 1990). Three elements must be met to satisfy claim preclusion: (1) a judgment on the merits in the

---

[1] The district court may sua sponte raise the issue of res judicata in special circumstances, such as here, where the previous action was litigated in the same district court, or where all relevant data and legal records are before the court and judicial economy will be served by invoking res judicata sua sponte. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006); *Carbonell v. La. Dep't of Health & Human Res.*, 772 F.2d 185, 189 (5th Cir. 1985).

[2] As the Fourth Circuit observed in *In re Varat Enterprises, Inc.*, the term "res judicata" is sometimes used interchangeably with the term "claim preclusion," and the term "collateral estoppel" is sometimes used interchangeably with the term "issue preclusion." *See* 81 F.3d at 1315 n.5. To avoid confusion, the court here uses the term "res judicata" as the broader doctrine encompassing both claim preclusion and issue preclusion.

-3-

prior suit rendered by a court of competent jurisdiction, (2) resolving claims by the same parties *or their privies*, and (3) a subsequent suit based on the same cause of action. *In re Varat Enters., Inc.*, 81 F.3d at 1315; *Alifl*, 914 F.2d at 42.

The doctrine of issue preclusion, or collateral estoppel, prevents a party from relitigating issues of fact or law "that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [issue preclusion] is asserted had a full and fair opportunity to litigate." *Sedlack v. Braswell Servs. Group, Inc.*, 134 F.3d 219, 224 (4th Cir. 1998) (quoting *Ramsay v. INS*, 14 F.3d 206, 210 (4th Cir. 1994) (alteration in original)). Both claim preclusion and issue preclusion (collateral estoppel) serve "the dual purpose of protecting litigants from the burden of relitigating an identical issue . . . and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979).

Plaintiff in this case has already had a sufficient opportunity to pursue his claims in Durham County Superior Court. Plaintiff has had a sufficient opportunity to present the issues of fact involved in those claims and has not provided any basis for relitigating the issue against Defendants. Plaintiff has already received a judgment on the merits in his prior suit, rendered by a court of competent jurisdiction. Because Plaintiff's complaint meets all of these elements, it is barred by claim preclusion. Moreover, the issues presented in this case are identical to those in the

previous case, and, therefore, litigation of those issues is barred by collateral estoppel. In sum, Plaintiff's complaint is barred on the grounds of res judicata.

B. 12(b)(6) Failure to State a Claim

Having found that Plaintiff's complaint is barred by principles of res judicata, this court recognizes that Defendants' 12(b)(6) motion to dismiss has been rendered moot. Nevertheless, having reviewed the record, this court agrees with Defendants' contentions, as laid out in Defense's Memorandum in Support of Defendants' Motion to Dismiss, Section IV., B.

C. Sanctions

Plaintiff has filed this specific suit twice in addition to various other suits focused on the influx of illegal aliens into the United States, including one suit in which he named as parties: The Republic of Mexico, Undocumented Illegal Aliens, and Mexican Invading Forces. Given that Plaintiff is apparently unwilling to voluntarily cease his repetitious litigation, the time has now come to put his abuse of the federal judicial system to rest.

"Courts have the authority to protect defendants from the harassment of frivolous and vexatious lawsuits, and to protect themselves from having to process frivolous and repetitive papers." *Armstrong v. Koury Corp.*, 16 F. Supp. 2d 616, 620 (M.D.N.C. 1998). In addition, "[t]he court is given substantial discretion to craft appropriate sanctions, and an injunction from filing any further actions is an appropriate sanction to curb groundless, repetitive, and frivolous suits." *Id.* The

undersigned recommends that Plaintiff be placed under a pre-filing injunction requiring him to obtain leave of court before filing any further civil actions. This procedure has been used with regard to other abusive civil litigants, and would serve here to cease the drain on scarce judicial resources imposed by Plaintiff's voluminous and repetitive filings. The imposition of such an injunction would also serve to protect Defendants, and those in similar positions, from having to respond to baseless and harassing litigation in the future.

To this end, it is recommended that the court:

(1) Enjoin Plaintiff, or anyone acting on his behalf, from filing any new action or proceeding in any Federal District Court without first obtaining leave of that court;

(2) Enjoin Plaintiff from filing any further papers in any Federal District Court without first obtaining leave of that court by submitting copies of his complaints identified herein, specifically *Everett v. Undocumented Illegal Aliens Mexican Invading Forces*, 1:07-cv-624-WO-PTS (dismissal with prejudice), *Everett v. Lawyers Mut. Liab. Ins.*, 1:10-cv-827-UA-WWD (recommendation of remand, Jan. 25, 2011), *Everett v. Yarboro*, 1:10-cv-831-UA-WWD (recommendation of remand, Jan. 24, 2011), *State of N.C. v. Everett*, 1:04-cr-00494-UA (denial of remand), *Everett v. Duke Energy Corp.*, 1:04-cv-01177 (dismissal with prejudice for being frivolous). *See also* 01CVS5562, 09CVD7089, 09CVM11578, 09CVS1611, 09CVS4114,

10CVS3106, and 10CVS5422 (dismissal with prejudice and imposition of a so-called gate-keeper order on plaintiff, similar to an order from a federal court imposing a pre-filing injunction) and orders of the courts dealing with those complaints. Moreover, Plaintiff must include in all his filings in any Federal District Court a copy of this Recommendation and the order of the court adopting this Recommendation.

(3) Last of all, the clerk of the court should be directed to notify other Federal District Courts of the order of the court adopting this Recommendation that this pre-filing injunction has been issued and is extant until it is removed by order of this court. In addition, the clerk of the court should be directed to mail copies of this Recommendation and the order adopting the Recommendation to the clerk of the Durham County Superior Court, and the clerks of court for the Eastern District of North Carolina and the Western District of North Carolina.

**III. Conclusion**

For the foregoing reasons, **IT IS RECOMMENDED** that the court dismiss this action with prejudice on the grounds of res judicata. Moreover, **IT IS FURTHER RECOMMENDED THAT PLAINTIFF JOHN H. EVERETT BE ENJOINED** from filing any lawsuits, motions, or additional papers unless he first seeks and obtains leave from a United States District Court of competent jurisdiction, as specified above. To the extent that the court issues a sua sponte dismissal based on res judicata

principles, Defendants' pending motion to dismiss under Rule 12(b)(6) (docket no. 5) will be rendered moot.

_____
WALLACE W. DIXON
United States Magistrate Judge

March 14, 2011