IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHN EVERETT,                              )
                                           )
            Plaintiff,                     )
                                           )
    v.                                     )    1:10-cv-828
                                           )
NATIONAL ASSOCIATION FOR THE               )
ADVANCEMENT OF COLORED                     )
PEOPLE - NAACP and EL PUEBLO,              )
INCORPORATED,                              )
                                           )
            Defendants.                    )

**ORDER**

On March 14, 2011, the United States Magistrate Judge's Recommendation was filed, and notice was served on the parties, pursuant to 28 U.S.C. § 636(b). No objections were received by the Court within the time prescribed by the statute.[1]

The Court adopts the Magistrate Judge's Recommendation, with one exception. In particular, the Court declines to adopt the recommendation that the entire Complaint in this case ("federal court complaint") be dismissed on the grounds of res judicata. (*See* Doc. 14 at 5, 7.) The Court has reviewed the earlier Complaint in *Everett v. National Association for the Advancement of Colored People*, No. 09-CVS-01611 (Sup. Ct. Durham County Jan. 21, 2009) ("state court complaint"), which was dismissed for failure to state a claim upon which relief can be

---

[1] Over six weeks after the issuance of the Recommendation, Plaintiff filed what he characterized as an Amended Complaint. (Doc. 16.) Plaintiff did not obtain written consent from the opposing parties or seek leave of the Court to file the Amended Complaint, as required by Federal Rule of Civil Procedure 15(a). Nor does this pleading constitute an objection to the Recommendation. Even if the Court were to consider the Amended Complaint, this pleading suffers from the same defects as the Complaint, as described *infra*.

granted. (Doc. 17 at 12). The Court concurs in the Recommendation that the doctrine of res judicata bars the claims that Plaintiff attempts to assert in paragraphs 1–4, 8–17, and 19 of the federal court complaint.[2]

Even though the federal court complaint is virtually identical to the state court complaint, the federal court complaint does contain different allegations or information in paragraphs 5–7 and 18 (Doc. 1 at 1–2, 4–5) that might or might not be subject to the preclusive effect of the prior state court judgment. The Court need not determine whether the doctrine of res judicata bars the claims that Plaintiff attempts to assert in paragraphs 5–7 and 18 of the federal court complaint, given other deficiencies.

The Court has reviewed the federal court complaint and finds that it fails in its entirety to state any claim upon which relief may be granted. The federal court complaint is devoid of allegations of specific facts sufficient to meet the relatively low bar established by Federal Rule of Civil Procedure 12(b)(6). *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Defendants' Motion to Dismiss (Doc. 5) should therefore be granted.

The Court is evaluating the need for a pre-filing injunction and will address that aspect of the Magistrate Judge's Recommendation in a separate order.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 5) is **GRANTED** on the grounds of res judicata as to all aspects of the Complaint, except Paragraphs 5–

---

[2] Plaintiff did not number the three paragraphs immediately following paragraph 19 of the federal court complaint, even though he numbered the corresponding three paragraphs in the state court complaint. (Doc. 1 at 5.) For purposes of this Order, the Court will refer to those three paragraphs as part of paragraph 19.

7 and 18, and in its entirety for failure to state a claim upon which relief may be granted under Rule 12(b)(6). A judgment dismissing this action will be entered contemporaneously with this Order.

This the 12th day of September, 2011.

_____
UNITED STATES DISTRICT JUDGE